United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 03, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 22-32998** |
| **HOUSTON REAL ESTATE PROPERTIES LLC,** | § § | **CHAPTER 7** |
| | § | |
| Debtor. | § | |
| | § | |
| **OSAMA ABDULLATIF** and **MOKARAM-LATIF WEST LOOP, LTD.,** , | § § § § § | |
| | § | |
| VS. | § | **ADVERSARY NO. 23-3190** |
| | § | |
| **ALI CHOUDHRI,** | § § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO ABSTAIN AND REMAND

Before the Court is the Emergency Motion to Remand (ECF No. 8) filed by Plaintiffs, Osama Abdullatif and Mokaram Latif West Loop, Ltd. ("Abdullatif" and "MLWL" or collectively "Plaintiffs"), and the Response and Objection to Emergency Motion to Remand (ECF No. 10). The motion seeks to have this Court return this Adversary Proceeding, having been removed from the 333rd Judicial District Court of Harris County, Texas, under Cause No. 2012-27197-A,[1] back to said court on the basis of abstention, pursuant to 28 U.S.C. § 1334(c). This Court, having considered the motion and response, finds that the Motion for Remand should be granted as to mandatory and permissive abstention, pursuant to 28 U.S.C. §1334(c).

## BACKGROUND

Abdullatif and Defendant, Ali Choudhri ("Choudhri") entered into a settlement agreement on January 22, 2011 (the "Settlement Agreement") to resolve a number of issues between them. On May 9, 2012, MLWL and Abdullatif filed the State Court Suit against Choudhri in the District Court of Harris County, Texas originally falling in the 190th Judicial District asserting several claims including breach of the Settlement Agreement and a request for declaratory relief. On July 15, 2014, Judge Patricia Kerrigan granted Abdullatif summary judgment against Choudhri for

---

[1] Cause No. 2012-27197-A, *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri*, In the 333rd Judicial District Court, Harris County, Texas (the "State Court Suit"), related to the original suit filed in the 190th Judicial District Court, Cause No. 2012-27197 *Mokaram -Latif West Loop, Ltd. v. Ali Choudhri, Defendant/Cross Plaintiff v. Osama Abdullatif, Cross-Defendant v. Ali Mokaram, Intervenor/Cross Defendant,* In the 190th Judicial District Court, Harris County, Texas.

$1,975,000 plus attorney's fees. Choudhri's Sixth Amended Answer and Sixth Amended Counterclaims was filed on July 3, 2020.[2] On October 7, 2022, the debtor in the underlying bankruptcy case, Houston Real Estate Properties, LLC (the "Debtor") initiated the above-captioned bankruptcy proceedings in this Court. On June 6, 2023, this matter was scheduled for a September 5, 2023, trial setting in the State Court Suit on the remaining issues in the case. On August 31, 2023, Choudhri filed a Notice of Removal.

## LEGAL ANALYSIS

The Motion to Remand was filed on September 1, 2023, within 30 days after the notice of removal. As a result, the Motion to Remand was timely filed pursuant to 28 U.S.C. § 1447(c).

If claims are not owned by the bankruptcy estate, the Court must consider whether it has subject matter jurisdiction over the claims. The Bankruptcy Court's subject matter jurisdiction is limited to bankruptcy cases and proceedings that arise under the Bankruptcy Code, arise in a bankruptcy case, or are related to a bankruptcy case.[3] Under Section 1334(c)(1), a bankruptcy court may abstain from hearing a particular matter "in the interest of justice, or in the interest of comity with state courts or respect for state law."[4] Bankruptcy courts consider a number of factors when deciding whether to exercise permissive abstention, including the following:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of the asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on of my docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.[5]

In addition, the courts also consider comity and the possibility of prejudice to other parties in the action, for a total of fourteen factors.[6]

The primary difference between a mandatory abstention and a permissive abstention is that a mandatory abstention only applies to "non-core proceedings."[7] Thus, a court must abstain if the

---

[2] ECF No. 10-4.
[3] 28 U.S.C. §1334.
[4] 28 U.S.C. §1334(c)(1).
[5] *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau* (*In re Republic Reader's Serv., Inc.*), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).
[6] *Ramirez v. Rodriguez* (*In re Ramirez*), 413 B.R. 621, 631–32 (Bankr. S.D. Tex. 2009).
[7] *In re Gober*, 100 F.3d at 1206 (comparing 28 U.S.C. §§ 157(b)(1) & 1334(c)(2)); *see also J.T. Thorpe Co.*, 2003 WL 23323005, at *2; *Ramirez*, 413 B.R. at 626–27. *Cf. Stern*, 564 U.S. at 498–500, 131 S.Ct. 2594

following requirements are met: (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the claim is a non-core proceeding, i.e. it is "related to" a case under title 11 but does not arise under or in a case under title 11; (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b); (5) an action has been commenced in state court; and (6) the action could be adjudicated timely in state court.[8] Under Section 1334(c)(1), a bankruptcy court may abstain from hearing a particular matter "in the interest of justice, or in the interest of comity with State courts or respect for State law."

Considering all the relevant factors, the movants have met the burden for mandatory abstention and remand. The Court also permissively abstains. The claims at issue are state law contract claims. These claims are premised on state law, the removed claims were initially filed in state court, and trial is scheduled on September 5, 2023. Further, the Notice of Removal was not timely filed.[9] In addition, the timing of the filing appears to be an attempt to delay the State Court Suit. Choudhri filed the Notice of Removal on the eve of a holiday weekend preceding a scheduled trial on the following Tuesday. Accordingly, the Court chooses to abstain and remand this case.

**IT IS THEREFORE ORDERED** that the Motion to Abstain and Remand (ECF No. 8) filed by the Plaintiffs is granted, and Adversary No. 23-3190 shall be remanded to the 333rd District Court of Harris County, Texas.

SIGNED 09/03/2023

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[8] *J.T. Thorpe Co. v. Am. Motorists,* No. H–02–4598, 2003 WL 23323005, at *2, (S.D.Tex. June 6, 2003). *See Schuster v. Mims (In re Rupp & Bowman Co.),* 109 F.3d 237, 239 (5th Cir.1997).
[9] Notice of Removal was filed on August 31, 2023, which is well past the deadline of ninety days after the Order of Relief.